# EXHIBIT "A"

**DO NOT ISSUE A WRIT - OUT OF STATE DEFENDANT**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA
CIVIL DIVISION - LAW

| | |
|---|---|
| Celine Kohler,<br>    Plaintiff, | Case No: AR-19-00 |
| v. | **Complaint in Civil Action** |
| State Collection Services, Inc.,<br>    Defendant | |
| | Filed on behalf of Celine Kohler, Plaintiff |
| | Counsel of Record:<br>Morrow & Artim, PC<br>Clayton S. Morrow, Esquire<br>PA I.D. #53521 |
| | 304 Ross Street, 7th Floor<br>Pittsburgh, PA 15219-2124 |
| | www.ConsumerLaw365.com |
| | csm@ConsumerLaw365.com |
| | (412) 281-1250<br>(412) 209-0656 |

Jury Trial Demanded if Removed
or Appealed

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA
CIVIL DIVISION - LAW

Celine Kohler,                                                  Case No: AR-19-00
     Plaintiff,

v.

State Collection Services, Inc.,
     Defendant

**NOTICE TO DEFEND**

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set   forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the clams set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A   LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE   YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

    LAWYER REFERRAL SERVICE, The Allegheny County Bar Association
        11th Floor Koppers Building, 436 Seventh Avenue
             Pittsburgh, Pennsylvania 15219
               Telephone: (412) 261-5555

## HEARING NOTICE

YOU HAVE BEEN SUED IN COURT. The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____ _____ at 9:00 A.M. **IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING.**

## DUTY TO APPEAR AT ARBITRATION HEARING

If one or more of the parties is not present at the hearing, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing.

If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA
CIVIL DIVISION - LAW

Celine Kohler,                                      Case No: AR-19-00
    Plaintiff,

v.

State Collection Services, Inc.,
    Defendant

## Complaint in Civil Action

Plaintiff, Celine Kohler, Plaintiff, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages by reason of Defendant's violation of the FDCPA, and alleges:

### PARTIES

1) Plaintiff, Celine Kohler (herein "Kohler") is a citizen of the Commonwealth of Pennsylvania, from whom Defendant attempted to collect a consumer debt allegedly owed to Allegheny Health Network (herein "Debt"). Plaintiff is a "consumer" within the meaning of the FDCPA, as defined by 15 U.S.C. §1692a(3).

2) Defendant, State Collection Services, Inc. (herein "SCS"), of 2509 S. Stoughton Road, Madison, WI 53716, is a firm that practices debt collection and which acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts in Allegheny County, Pennsylvania. The registered agent is Thomas D Haag, 2509 S. Stoughton

Road, Madison, WI 53716.

**FACTUAL ALLEGATIONS**

3) Defendant SCS is in the business of attempting to collect consumer debts from consumers.

4) Plaintiff Kohler is an 88-year-old senior citizen who was involved in an automobile accident in which she suffered serious injuries.

5) Plaintiff Kohler still has over fifty thousand dollars in medical pay coverage on her automobile policy.

6) On or about August 27, 2018 and again on or about October 3, 2018 SCS caused to be mailed to Plaintiff Kohler a demand for payment on a Allegheny Health Network account.

7) On October 11, 2018 the attorney for Plaintiff Kohler caused to be mailed to Defendant SCS notice of their representation of Plaintiff Kohler and provided information concerning the automobile medical insurance carrier and notice that Act 6 would apply since the treatment was a result of the automobile accident.

8) On March 6, 2019 Defendant SCS caused to be mailed directly to Plaintiff Kohler another collection letter concerning the very same creditor Allegheny Health Network.

9) At the time Defendant SCS sent the letter directly to Plaintiff Kohler, it had actual notice that she was represented by an attorney.

10) It is the purpose of the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain

from using abusive debt collection practices are not <u>competitively disadvantaged</u>, and to promote consistent State action to protect consumers against debt collection abuses. See 15 USC §1692 - Congressional findings and declaration of purpose.

11) The FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337,345 (3d Cir. 2004). The FDCPA provides for a fee shifting provision, the debt collector shall pay the customers attorney fees.

12) The FDCPA is a strict liability statute; proof of one violation is sufficient to support judgment for the consumer. *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990).

13) Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3). For purposes of the Act, Plaintiff must be presumed to be "least sophisticated consumer."

14) Defendant, its agents, servants, and/or employees, are "debt collectors" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

15) The conduct or omissions of Defendants, its agents, servants, and/or employees, as described above, violates the FDCPA, 15 U.S.C. § 1692c(a)(2):

> *(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --*
>
> *…*

> *(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or*

16) Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3). For purposes of the Act, Plaintiff must be presumed to be "least sophisticated consumer."

17) Defendant, its agents, servants, and/or employees, actions described above also constitute a violation of 15 U.S.C. § 1692f entitled "Unfair practices", which provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

18) Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt, including but not limited to, the collection of any amount (including any interest fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement or permitted by law. 15 U.S.C. § 1692f(1).

19) Defendant violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692f, 1692f(1), and 1692f(8).

20) 15 U.S.C. § 1692g(a) states:

> ***§ 809. Validation of debts        15 USC 1692g***
>
> *(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in*

> *the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*
> *(1) the amount of the debt;*
> *(2) the name of the creditor to whom the debt is owed;*
> *(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*
> *(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*
> *(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

21) Defendant failed to provide Plaintiff Kohler a valid 1692g notice, the Third Circuit has held that all debt disputes under subsections (a)(3)-(5) "must be in writing" to be effective. Graziano v. Harrison, 950 F. 2d (3rd Cir. 1991).

22) In order to adequately inform a consumer of her rights under Section 1692g, "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." The FDCPA's statutory notice requirement is "to be interpreted from the perspective of the `least sophisticated debtor.'" *Wilson v. Quadramed,* 225 F.3d 350, 354 (quoting *Graziano*, 950 F.2d at 111); see also *Caprio v. Healthcare Revenue Recovery, LLC*, 709 F.3d 142, 149 (3d Cir. 2013).

23) A debt collection letter violates Section 1692g if "it can be reasonably read to have two or more different meanings, one of which is inaccurate."

*Caprio*, 709 F.3d at 152.

24) The lack of a specific reference to a written dispute in the first sentence—while the other sentences indicate that only written disputes will be effective—could reasonably be interpreted to mean that disputes under the first sentence need not be in writing. But within the Third Circuit, this is incorrect: all three types of disputes must be in writing to be effective. *Caprio*, 709 F.3d at 151. Accordingly, the validation notice "can be reasonably read to have two or more different meanings, one of which is inaccurate," and violates the FDCPA. *Id.* at 152.

25) As a result of Defendant, agents, servants, and/or employees, violations of the FDCPA as set forth herein, Defendant, its agents, servants, and/or employees, are liable to Plaintiffs pursuant to 15 U.S.C. § 1692k (a)(2)(B) as follows: (i) for each plaintiff, the amount of actual damages sustained, plus $1,000 per violation; (ii) costs of bringing this action, plus reasonable attorneys' fees as determined by the Court; and (iii) such other and further relief as the Court deems appropriate.

## PRAYER FOR RELIEF

Plaintiff, Celine Kohler pray that this Court:

1. Declare that Defendant's debt collection practices violated the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages of $1,000 each, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

3. Plaintiff seeks an amount not in excess of Arbitration Limits; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Celine Kohler demands trial by jury upon appeal.

## ARBITRATION LIMITS

This matter is filed within this court's arbitration limits.

Plaintiff, Celine Kohler,

By: /s/ Clayton S. Morrow
Clayton S. Morrow

**MORROW & ARTIM, PC**
Clayton S. Morrow, Esquire
PA I.D. 53521
304 Ross Street
Mitchell Building, 7th Floor
Pittsburgh, PA 15219
(412) 281-1250
(412) 209-0656