IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CELINE KOHLER | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 2:19-CV-00447-NBF |
| | : | |
| STATE COLLECTION SERVICES, INC. | : | |
| Defendant. | : | |

**DEFENDANT STATE COLLECTION SERVICES, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES**

Defendant, State Collection Services, Inc. ("Defendant"), by and through its undersigned counsel, answers the Complaint of Plaintiff Celine Kohler ("Plaintiff") and states as follows:

**PARTIES**

1. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint, and therefore denies the same.

2. Admitted in part; denied in part. Defendant admits that it has an office in Wisconsin. Further, Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that these allegations call for legal conclusions regarding the definition of the cited statute. Therefore, Defendant denies the same for the present time and demands strict proof thereof. The remaining allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

**FACTUAL ALLEGATIONS**

3. Admitted in part; denied in part. Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that these allegations call for legal conclusions regarding the definition of the cited statute. Therefore, Defendant denies the same for the present time and demands strict proof thereof.

4. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiff's Complaint, and therefore denies the same.

5. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, if any, set forth in Paragraph 9 of Plaintiff's Complaint, and therefore denies the same.

10. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

11. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

12. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

13. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

14. Admitted in part; denied in part. Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that these allegations call for legal conclusions regarding the definition of the cited statute. Therefore, Defendant denies the same for the present time and demands strict proof thereof.

15. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

16. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

17. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

18. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

19. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

20. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

21. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

22. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

23. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

24. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

25. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Defendant its reasonable attorney's fees and costs incurred in defending this action; deny any other requested damages, fees, costs, other legal and equitable relief and for other such further relief as the Court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred by the statute of limitations.

3. Any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4. Plaintiff failed to mitigate any damages which Plaintiff may have suffered.

5. Plaintiff has suffered no compensable damages.

6. Plaintiff suffered no ascertainable loss of money or property.

7. Defendant affirmatively alleges that Plaintiff's claims are barred by lack of standing under Article III of the U.S. Constitution. *See Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1544-50 (2016).

8. Defendant affirmatively alleges that Plaintiff's claims are barred by the absence of an actual or imminent injury that is concrete and particularized. *See Spokeo Inc.*, 136 S. Ct. at 1544-50.

*Remainder of page left intentionally blank.*

9. Defendant respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

 

FINEMAN KREKSTEIN & HARRIS, P.C.

By:     /S/ Monica M. Littman
RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA  19103
(v) 215-893-9300; (f) 215-893-8719
rperr@finemanlawfirm.com
mlittman@finemanlawfirm.com
Attorneys for Defendant State Collection Services, Inc.

Dated: April 26, 2019

# CERTIFICATE OF SERVICE

I, MONICA M. LITTMAN, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system on the following:

Clayton S. Morrow, Esq.
Morrow & Artim, PC
304 Ross Street
Mitchell Building, 7th Floor
Pittsburgh, PA 15219
Attorney for Plaintiff

                                        /S/ Monica M. Littman
                                   MONICA M. LITTMAN, ESQUIRE

Dated: April 26, 2019